UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES HUTTO, III                                                                                          PETITIONER

v.                                                                                CIVIL ACTION NO. 3:20-cv-98DPJ

BURL CAIN, Commissioner, Mississippi
Department of Corrections and LYNN FITCH,
Attorney General of the State of Mississippi                                                  RESPONDENTS

ORDER

Petitioner James Hutto seeks a second extension of the deadline to file his habeas petition under 28 U.S.C. § 2254. *See* Pet'r Mot. [15]. For the following reasons, the Court denies the motion as moot.

I.     Background

Hutto's petition was originally due July 14, 2020, but his appointed attorneys sought an extension based on equitable tolling and the ongoing Coronavirus pandemic. *See id.* Respondents did not object, so on June 26, 2020, the Court granted the unopposed motion and equitably tolled the filing deadline until October 12, 2020. *See* Order [11]. On September 22, 2020, Hutto asked the Court to push that deadline back to December 11, 2020. Pet'r Mot. [15]. This time, Respondents did object and filed a response on October 7, 2020. *See* Resp.ts' Resp. [16]. Hutto replied the following day—Thursday, October 8—but that left the Court little time to rule before the Monday, October 12, 2020 filing deadline. *See* Pet'r Reply [17]. Given the short fuse, Hutto did the prudent thing and filed his Petition on October 12, 2020. *See* Pet'r Pet. [18]. The Petition is 91 pages long, raises 19 grounds for relief, and includes exhibits totaling 170 pages. *Id.*

Although the Petition seems thorough, Hutto notes in it that if the Court were to grant his second motion for equitable tolling, he would "refile this Petition in accordance with the tolled statute of limitations." *Id.* at 1. He later notes that the pandemic has prevented his attorneys from

conducting a thorough investigation—though he provides no specifics—and asks the Court to grant his "previously filed motion requesting equitable tolling so counsel may complete its investigation." *Id.* at 90 n.9.

II.     Analysis

Respondents opposed Hutto's motion to extend the filing deadline for two reasons: (1) no jurisdiction exists to equitably toll the statute of limitations before a petition is filed and (2) Hutto has not shown that the pandemic continued to delay the investigation. The jurisdictional argument is now moot, but so is the need for an extension.

Starting with jurisdiction, Respondents' argument was stronger before Hutto filed his Petition. While there is no binding precedent, district courts may lack jurisdiction to grant equitable tolling pre-petition because there is no case or controversy at that time. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) (unpublished opinion holding that no jurisdiction existed to apply equitable tolling pre-petition under § 2255) (citing *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) ("[W]e hold—as every other court to consider the question thus far has held—that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.")); *see also Wright v. Thaler*, No. 3:11-CV-1084-K BH, 2011 WL 2678923, at *2 (N.D. Tex. June 15, 2011) (applying *McFarland* in § 2254 context).[1]

---

[1] As noted, Respondents did not object to the original extension, and the Court did not consider whether it had jurisdiction to grant the unopposed motion. But while jurisdiction *may* have been lacking to toll the limitations period pre-petition, "the one-year period of limitations in § 2244(d)(1) of AEDPA is to be construed as a statute of limitations, and not a jurisdictional bar." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Thus, it can be waived, and Respondents did so here as to the original deadline.

The Fifth Circuit's jurisdictional holding in *McFarland* is unpublished and therefore "not binding on this court."  *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 560 n.3 (5th Cir. 2015). But assuming the Fifth Circuit would adopt and apply *McFarland* to a § 2254 case, the procedural posture in the present case changed when Hutto filed his Petition on October 12, 2020—the date set in the agreed Order.   Now that the Petition has been filed, a true case or controversy exists, and the Court has jurisdiction to consider an extension.  *See McFarland*, 125 F. App'x at 574.

That said, the original basis for the request has likewise shifted.   At first glance, Hutto's Petition appears quite thorough; it is not a skeletal placeholder.   Indeed, he states in his Petition that if the Court grants his request for more equitable tolling, he would "refile *this* Petition in accordance with the tolled statute of limitations."   Pet'r Pet. [18] at 1 (emphasis added).   In other words, Hutto would merely refile the same Petition later.   That would be redundant and unnecessary.   The motion is therefore denied as moot.[2]

**IT IS, THEREFORE, ORDERED** that James Hutto's Second Motion for Equitable Tolling in Light of the Current COVID-19 Pandemic [15] is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2021.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Hutto's other motions suggest that investigation is ongoing.   This Order would not prevent him from seeking leave to amend the Petition and arguing that the claims should relate back under Federal Rule of Civil Procedure 15(c)(1)(B) or, alternatively, that they would be subject to equitable tolling. *See Figueredo-Quinterov. McCain*, 766 F. App'x 93, 97 (5th Cir. 2019) (examining Rule 15(c)(1)(B) and alternatively equitable tolling in § 2254 context); *Ramey v. Davis*, 314 F. Supp. 3d 785, 800 (S.D. Tex. 2018) (same), *certificate of appealability granted in part*, *denied in part,* 942 F.3d 241 (5th Cir. 2019).