UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES HUTTO, III                                                                                           PETITIONER

V.                                                                              CIVIL ACTION NO.: 3:20-CV-98-DPJ

NATHAN BURL CAIN, Commissioner, Mississippi
Department of Corrections and LYNN FITCH,
Attorney General of the State of Mississippi                                           RESPONDENTS

ORDER ON DISCOVERY
AND REVISED SCHEDULING ORDER

This death-penalty petition is before the Court on Petitioner James Hutto, III's Motion to Allow Discovery [19]; the parties' Joint Motion for Revised Scheduling Order [25]; and Respondents' three motions for time to file an answer [22, 26, 27]. The motion to allow discovery will be granted in part and denied in part as explained below. Respondents' motions for time to answer are unopposed and therefore granted, and their subsequently filed answer is deemed timely. Finally, the joint motion to revise the scheduling order is denied without prejudice to refiling after Hutto announces whether he intends to exhaust certain claims in state court.

I.      Motion to Allow Discovery [19]

Hutto originally sought an Order granting his lawyers access to his records from the Mississippi Department of Corrections (MDOC) and his records from the Hinds County Detention Center. *See* Mot. [19] at 1–3. In his Reply to Respondents' opposition, Hutto added a request for an order granting him access to his mother's medical records, but apparently abandoned his request for the detention-center records. *See* Reply [21] at 2.

Respondents oppose the discovery request, although they acknowledge that Hutto's attorneys could get his MDOC records if Hutto signs a release. But given the COVID-19 pandemic and Hutto's reported lack of cooperation, obtaining that consent may be difficult, and there is no apparent prejudice in ordering production of Hutto's own records which he himself could disclose. For these reasons, the Court will grant the request for an Order permitting Hutto's attorneys to obtain his MDOC records.

The Court will not, however, grant Hutto's counsel access to his mother's medical records. The request was simply added to Hutto's Reply, and no specific reasons were given for it. Because habeas cases are, in essence, civil, the rules of procedure govern unless, "and to the extent 'inconsistent with any statutory provisions or [habeas-specific] rules.'" *Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020) (quoting Rules Governing Section 2254 Cases in the United States District Courts R. 12).

To begin, Uniform Local Rule 7 requires that any request for court action be made in the form of a motion and precludes seeking relief in subsequent legal briefs. Moreover, "[i]t is the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs" because opposing counsel is denied an opportunity to be heard. *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (citation omitted). That happened here. Finally, Rule 6(a) of the Rules Governing § 2254 cases permits discovery only upon a finding of "good cause." Rules Governing Section 2254 Cases in the United States District Courts R. 6(a); *see Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). In keeping with that standard, Rule 6(b) requires a party seeking discovery to "provide reasons for the request." Hutto provides no specific reasons for this additional request. Accordingly, the Court denies the request for records from Hutto's mother, which was never part of his discovery motion.

II.     Joint Motion for Revised Scheduling Order [25]

Both Hutto and Respondents seek a revised scheduling order that will permit Hutto to file an amended petition, with the remaining dates calculated from that event. In its earlier Order [11], the Court anticipated that Hutto would file an amended petition to flesh out claims that were not fully articulated in the original petition. If the purpose of filing an amended petition is to pursue unexhausted claims, however, the amendment will be futile. A review of the first habeas petition reveals that Hutto has included several claims that are unexhausted, claiming that the default should be excused because both his trial and post-conviction counsel were ineffective.

Ineffective assistance of post-conviction counsel is not a ground for habeas relief under federal law, although it can, in certain circumstances, excuse default. *Martinez v. Ryan*, 566 U.S. 1, 17 (2012); 28 U.S.C. § 2254(i). The Mississippi Supreme Court, however, has recognized a state right to effective post-conviction counsel in death penalty cases. *Grayson v. State*, 118 So. 3d 118, 126 (Miss. 2013) ("[T]oday we make clear that PCR petitioners who are under a sentence of death do have a right to the effective assistance of PCR counsel."). The Mississippi Supreme Court continues to cite *Grayson* as mandating review of claims of ineffectiveness of post-conviction counsel in successive PCR petitions, even years after the initial post-conviction petition was decided. *See, e.g.*, *Brown v. State*, 306 So. 3d 719, 748 (Miss. 2020).

Under 28 U.S.C. § 2254(c), "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Thus, after *Grayson*, no claim involving ineffective assistance of PCR counsel can be deemed exhausted in this Court unless the Mississippi Supreme Court has considered the issue.

Therefore, if Hutto intends to pursue those unexhausted claims, he should seek a stay in this Court so he can first present his claims in state court.

If these claims are resolved in Hutto's favor, he would have no need to return to this Court; therefore, a stay pending the resolution of those claims is justified. The Court sees little point in sending an incomplete case to the Fifth Circuit while related claims remain pending in state court. If the case returns to this Court, Hutto's claims will be exhausted. Because they will not have been defaulted, *Martinez* will not apply. *Coleman v. Goodwin*, 833 F.3d 537, 540 (5th Cir. 2016). The Court can then proceed to resolve the claims on a complete state-court record, along with the remainder of Hutto's case. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

For these reasons, the Court denies without prejudice the joint motion for a briefing schedule. Instead, Hutto will be given a deadline to inform this Court whether he intends to return to state court to exhaust his ineffective-assistance-of-PCR-counsel claims. If Hutto elects to return to state court, then he should move for a stay in this Court; otherwise, this Court will assume that he has abandoned his unexhausted claims, and it will proceed with his exhausted claims. Should Hutto believe that an amended petition is necessary before pursuing the exhausted claims, the Court will consider a motion to that effect. In the meantime, all deadlines will be held in abeyance.

IT IS, THEREFORE, ORDERED that:

1. Hutto's Motion to Allow Discovery [19] is hereby GRANTED to the extent that Hutto's MDOC records should be made available but DENIED to the extent that he seeks his mother's medical records.

2. Hutto shall notify the Court, on or before August 9, 2021, whether he intends to return to state court to exhaust his claims of ineffectiveness of post-conviction counsel.

3. The Joint Motion for Revised Scheduling Order [25] is denied without prejudice, but all deadlines are held in abeyance until August 9, 2021.

4. Respondents' motions for time [22, 26, and 27] are GRANTED.

**SO ORDERED AND ADJUDGED** this the 2nd day of July, 2021.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE